UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FRANCIS BRAUNER (#405665)

VERSUS                                              CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 12-314-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 19, 2013.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS BRAUNER (#405665)

VERSUS                                             CIVIL ACTION

SHIRLEY COODY, ET AL                               NUMBER 12-314-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Partial Motion to Dismiss filed by defendants Tammy Jack, Sherwood Poret, Dr. Randy Lavesphere and Kim Plylar. Record document number 41. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Shirley Coody, Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins, Dr. McMurdo, Sharon Dunbar, Rosie Washington, Chuck Dugas, Kim Plylar, Megan Ruffin, Melinda Thomas, Tammy Jack, Sherwood Poret, Dr. Charles Barkemeyer and Dr. Randy Lavesphere. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs.[2]

---

[1] Record document number 49.

[2] Defendants Rosie Washington, Chuck Dugas, Megan Ruffin, Melinda Thomas, and Dr. Charles Barkemeyer were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.
   The Motion to Dismiss filed by defendants Asst. Warden Shirley
(continued...)

## I. Factual Allegations

Plaintiff alleged that he is a paraplegic housed on the ward at the prison infirmary. Plaintiff alleged that the medical facility is understaffed and he is not receiving adequate medical treatment for severe decubitus ulcers. Plaintiff alleged that he was denied pain medication, proper medical assessment and documentation of his decubitus ulcers and/or catheter wound, proper and timely dressing changes, proper turning, proper hygiene, adequate range of motion therapy, a slide board, adequate bathing and a sanitary bathing/shower area. Plaintiff alleged that as a result of the defendants' actions and inactions, his decubitus ulcers have failed to heal and he has suffered severe pain.

## II. Applicable Law and Analysis

Defendants Tammy Jack, Sherwood Poret, Dr. Randy Lavesphere and Kim Plylar moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551

---

[2](...continued)
Coody, Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins, Dr. Hal McMurdo and Sharon Dunbar, record document number 22, was previously denied. Record document number 48.

2

U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked

3

assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Eleventh Amendment Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109

4

S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### C. Medical Indifference

Plaintiff alleged that the defendants have failed to ensure that the medical facility is properly staffed and the medical personnel perform their duties in a timely, competent manner. Liberally construed, the plaintiff alleged that the defendants have implemented policies which have resulted in a denial of adequate

5

medical treatment.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's allegations of medical indifference, taken as true, are sufficient to state a claim upon which relief can be granted.

**D. Respondeat Superior**

Defendants argued that the plaintiff failed to allege any personal involvement or direct action by Dr. Lavesphere which resulted in a violation of the plaintiff's constitutional rights.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between

6

the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

In his opposition to the defendants' partial motion to dismiss, the plaintiff alleged that Dr. Lavesphere is a physician at the R.E. Barrow Treatment Center and was personally involved in his treatment.[3] Plaintiff alleged that Dr. Lavesphere ignored his complaints regarding his medical condition and failed to modify his treatment so as to avoid or negate the adverse effects the inadequate wound care and catheter changes, the improper hygiene and the unsanitary conditions had on his medical condition.[4]

Plaintiff's factual allegation that Dr. Lavesphere was personally involved in his treatment is sufficient to state a claim upon which relief can be granted.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Partial Motion to Dismiss by defendants Tammy Jack, Sherwood Poret,

---

[3] Record document number 49, pp. 5-7, Plaintiff's Traverse to Defendants' Partial Motion to Dismiss.
   Insofar as the Plaintiff's Traverse to Defendants' Partial Motion to Dismiss raised new allegations against Dr. Lavesphere regarding his personal involvement in his medical treatment, the pleading shall be construed as an amendment to the complaint. *Morin v. Moore,* 309 F.3d 316, 323 (5th Cir. 2002); *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

[4] *Id.*

7

Dr. Randy Lavesphere and Kim Plylar be denied.

Baton Rouge, Louisiana, March 19, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE