UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FRANCIS BRAUNER (#405665)

VERSUS                                                CIVIL ACTION

SHIRLEY COODY, ET AL                                  NUMBER 12-314-BAJ-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 27, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS BRAUNER (#405665)

VERSUS                                              CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 12-314-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Partial Summary Judgment filed by defendants Shirley Coody, Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins, Dr. Hal McMurdo and Sharon Dunbar. Record document number 57. Also before the court is Plaintiff's Cross Motion for Partial Summary Judgment. Record document number 62.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Shirley Coody, Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins, Dr. McMurdo, Sharon Dunbar, Rosie Washington, Chuck Dugas, Kim Plylar, Megan Ruffin, Melinda Thomas, Tammy Jack, Sherwood Poret, Dr. Charles Barkemeyer and Dr. Randy Lavesphere.  Plaintiff alleged that the defendants were deliberately indifferent to his serious

medical needs.[1]

## I. Factual Allegations

Plaintiff alleged that he is a paraplegic housed on the ward at the prison infirmary. Plaintiff alleged that the medical facility is understaffed and he is not receiving adequate medical treatment for severe decubitus ulcers. Plaintiff alleged that he was denied pain medication, proper medical assessment and documentation of his decubitus ulcers and/or catheter wound, proper and timely dressing changes, proper turning, proper hygiene, adequate range of motion therapy, a slide board, adequate bathing and a sanitary bathing/shower area. Plaintiff alleged that as a result of the defendants' actions and inactions, his decubitus ulcers have failed to heal and he has suffered severe pain.

## II. Applicable Law and Analysis

Defendants Shirley Coody, Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins, Dr. Hal McMurdo and Sharon Dunbar moved for partial summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure

---

[1] Defendants Washington, Dugas, Ruffin, Thomas, and Dr. Barkemeyer were not served with the summons and complaint and did not participate in the defendants' Motion for Partial Summary Judgment. Record document number 39.
　　Defendants Jack, Lavesphere, Plylar and Poret did not participate in the defendants' Motion for Partial Summary Judgment. These defendants previously filed a Partial Motion to Dismiss. Record document number 41. A Magistrate Judge's report was issued recommending that the motion be denied. Record document number 56. No objections to the Magistrate Judge's Report were filed; the motion is pending before the district judge for a ruling.

("ARP") LSP-2011-1924, plaintiff's responses to interrogatories, requests for production of documents and admissions.

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).  The court need only consider cited materials, but it may consider other materials in the record.  Rule 56(c)(1)(3).

### B. Prescription

Defendants argued that any claim which arose prior to January 21, 2011 is prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).  Plaintiff signed his complaint on May 28, 2012 and it was filed on

May 29, 2012. Ordinarily, any claim the plaintiff had against these defendants regarding acts which occurred prior to May 28, 2011, have prescribed.

However, the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affects this court's decision. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

Plaintiff filed ARP LSP-2011-1924 on July 28, 2011 and it was received in the Warden's Office on July 29, 2011.[2] Plaintiff complained that he was being denied adequate medical treatment for his decubitus ulcers. Specifically, the plaintiff alleged that the medical treatment center was inadequately staffed, he was not prescribed the proper pain medication, dressing changes are not performed in a timely manner, he was denied necessary mobility aids, proper assessment and documentation of his ulcers, proper turning to alleviate pressure spots, denied use of pressure reduction devices, proper hygiene, adequate range of motion therapy and adequate bathing.[3] The ARP was denied at the First Step on

---

[2] Record document number 57-3, p. 10.

[3] *Id.* at 10-11.

4

September 6, 2011[4] and at the Second Step on December 5, 2011.[5]

ARP LSP-2011-1924 tolled the limitations period between July 28, 2011, the date the plaintiff filed the ARP, and December 5, 2011, the date the ARP was denied at the Second Step of the two step procedure, for a total of 130 days.

Ordinarily, all claims filed prior to May 28, 2011 would be prescribed. However, when the plaintiff is given the benefit of the 130 day period in which the limitations period was tolled while ARP LSP-2011-1924 was pending, the prescriptive period is calculated by counting backwards 130 days from the ordinary prescriptive date, or until January 18, 2011.

The summary judgment evidence supports a finding that all claims which arose prior to January 18, 2011 are prescribed.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Partial Motion for Summary Judgment be denied, that the Defendants' Partial Motion for Summary Judgment be granted in part, dismissing all claims which arose prior to January 18, 2011 as prescribed.

It is further recommended that the claims against Rosie Washington, Chuck Dugas, Megan Ruffin, Melinda Thomas, and Dr.

---

[4] *Id*. at 7-8.

[5] *Id*. at 3.

Charles Barkemeyer be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P. and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, August 27, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE